IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| **CAPITALSOURCE BANK** | **PLAINTIFF** |

**v.**                    **CASE NO. CV-3:10 CV00325 JMM**

| | |
|---|---|
| **WALCOTT ENTERPRISES, INC. AND** | |
| **JONES TRAVEL MART, INC.** | **DEFENDANTS** |

| | |
|---|---|
| **NORTHCHASE DEVELOPMENT, INC.;** | |
| **TIMOTHY J. LEATHERS, COMMISSIONER** | |
| **OF REVENUES, STATE OF ARKANSAS;** | |
| **BENNY MAGNESS AND JANIE MAGNESS;** | |
| **THE CAPITAL BANK; DMC & JRM LLC,** | |
| **DAVID COOK AND JACKIE McCLURE;** | |
| **AND PEPSIAMERICAS, INC.** | **SEPARATE DEFENDANTS** |

## JUDGMENT AND DECREE OF FORECLOSURE

On this day came on to be heard the Motion for Summary Judgment and supporting documents (docs. 28-29) filed on behalf of CapitalSource Bank ("CapitalSource") and based upon the pleadings on file herein, the failure of Defendants Walcott Enterprises, Inc. ("Walcott") and Jones Travel Mart, Inc. ("Jones") as well as Separate Defendant PepsiAmericas, Inc. ("PepsiAmericas") to appear and answer herein and the agreement of the parties who have appeared in this action, CapitalSource is entitled to judgment as a matter of law and the Court finds and orders as follows:

1.      CapitalSource is a California industrial bank with its principal place of business in Chevy Chase, Maryland.

2.      Defendant Walcott is an Arkansas corporation.  Defendant Jones is a Missouri corporation.

3.      Separate Defendant Northchase Development, Inc. is a foreign corporation.

4.      Separate Defendants Benny Magness and Janie Magness (collectively "Magness") are residents of Baxter County, Arkansas.

5.      Separate Defendant DMC & JRM LLC ("DMC") is an Arkansas limited liability company.  Separate Defendant David Cook ("Cook") is a resident of Craighead County, Arkansas.  Separate Defendant Jackie McClure ("McClure") is a resident of Craighead County, Arkansas.

6.      Separate Defendant PepsiAmericas, Inc. ("PepsiAmericas") is a Delaware corporation.

7.      Separate Defendant Timothy J. Leathers ("Leathers") is the Commissioner of Revenues for the State of Arkansas.

8.      The property on which foreclosure is sought is located in Clay, Greene and Lawrence counties, Arkansas.

9.      This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.  Venue properly lies in this district pursuant to 28 U.S.C. § 1392 because the action is of a local nature and involves property located in Clay, Greene and Lawrence counties, within the Eastern District of Arkansas, Jonesboro Division.

10.     On or about December 21, 2005, Defendant Walcott, for valuable consideration, executed and delivered to MainStreet Lender 7(a), LLC ("MainStreet") one Promissory Note (the "Note") in the original sum of $1,250,000.00.  Plaintiff is the current owner and holder of the Note.

11.     Contemporaneously with the execution and delivery of the Note and to secure payment of the Note, Walcott executed, acknowledged and delivered to MainStreet that Mortgage dated December 21, 2005 (the "Clay County Mortgage") covering the property more particularly described in the Clay County Mortgage including the following described real property and improvements thereon lying in Clay County, Arkansas (the property covered by the Clay County Mortgage being hereinafter referred to as the "Clay County Property"):

**LOT 10 IN BLOCK 11 OF TEMPLETON'S THIRD ADDITION TO THE CITY OF PIGGOT, CLAY COUNTY, ARKANSAS, LESS AND EXCEPT: BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 10, RUN THENCE SOUTH 24 FEET; RUN THENCE WEST 109 FEET; RUN THENCE NORTH 14.2 FEET; RUN THENCE WEST 31 FEET; RUN THENCE NORTH 9.8 FEET; RUN THENCE EAST 140 FEET TO THE POINT OF BEGINNING.**

**AND**

**ALL OF LOTS 11 AND 12 IN BLOCK 11 OF TEMPLETON'S THIRD ADDITION TO THE CITY OF PIGGOT, CLAY COUNTY, ARKANSAS.**

The Clay County Mortgage was filed of record in the Office of the Circuit Clerk and Ex-Officio Recorder of Clay County, Arkansas on December 27, 2005, in Mortgage-E Book 199, Pages 5520-5528.   In the Clay County Mortgage, all rights of redemption and appraisement under the laws of the State of Arkansas were waived.

12.     The Clay County Mortgage was assigned to CapitalSource pursuant to that Assignment of Mortgage or Deed of Trust dated March 18, 2010, and recorded with the Circuit Clerk and Ex-Officio Recorder for Clay County, Arkansas on August 16, 2010, in Misc. E Book 28, Pages 690-693.

13.     Contemporaneously with the execution and delivery of the Note and to secure payment of the Note, Walcott executed, acknowledged and delivered to MainStreet that Mortgage dated December 21, 2005 (the "Greene County Mortgage") covering the property

3

more particularly described in the Greene County Mortgage including the following described

real property and improvements thereon lying in Greene County, Arkansas (the property covered

by the Greene County Mortgage being hereinafter referred to as the "Greene County Property"):

TRACT NO. 1:

LOTS 10 AND 11, BLOCK 3, McDONALD'S THIRD ADDITION TO THE
CITY OF PARAGOULD, ARKANSAS. LESS AND EXCEPT: PART OF
LOT 10, BLOCK 3, McDONALD'S THIRD ADDITION TO THE CITY OF
PARAGOULD, SECTION 31, TOWNSHIP 17 NORTH, RANGE 6 EAST,
GREENE COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED
AS FOLLOWS:  STARTING AT THE SOUTHEAST CORNER OF LOT
10, BLOCK 3, McDONALD'S THIRD ADDITION; THENCE NORTH 00
DEGREES 33 MINUTES 13 SECONDS EAST ALONG THE EAST LINE
THEREOF A DISTANCE OF 83.06 FEET TO A POINT ON THE
SOUTHERLY EXISTING RIGHT OF WAY LINE OF U.S. HIGHWAY
49B; THENCE NORTH 75 DEGREES 24 MINUTES 55 SECONDS WEST
ALONG SAID LINE A DISTANCE OF 150.31 FEET TO A POINT ON
THE PROPOSED RIGHT OF WAY LINE OF U.S. HIGHWAY 49B FOR
THE POINT OF BEGINNING; THENCE SOUTH 52 DEGREES 21
MINUTES 34 SECONDS WEST ALONG SAID PROPOSED RIGHT OF
WAY LINE A DISTANCE OF 27.95 FEET TO A POINT ON THE
EASTERLY EXISTING RIGHT OF WAY LINE OF NORTH 4TH STREET;
THENCE NORTH 00 DEGREES 44 MINUTES 35 SECONDS EAST
ALONG SAID EXISTING RIGHT OF WAY LINE A DISTANCE OF 22.75
FEET TO A POINT ON THE SOUTHERLY EXISTING RIGHT OF WAY
LINE OF U.S. HIGHWAY 49B; THENCE SOUTH 75 DEGREES 24
MINUTES 57 SECONDS EAST ALONG SAID EXISTING RIGHT OF
WAY LINE A DISTANCE OF 22.56 FEET TO THE POINT OF
BEGINNING.

TRACT NO. 2:

LOTS 7 AND 8, BLOCK 10 OF McDONALD'S FOURTH ADDITION TO
THE CITY OF PARAGOULD, GREENE COUNTY, ARKANSAS.

TRACT NO. 3:

LOTS 8 AND 9, BLOCK 3, McDONALD'S THIRD ADDITION TO THE
CITY OF PARAGOULD, GREENE COUNTY, ARKANSAS.

The Greene County Mortgage was filed of record in the Office of the Circuit Clerk and

Ex-Officio Recorder of Greene County, Arkansas on December 29, 2005, as Document No.

200511790. In the Greene County Mortgage, all rights of redemption and appraisement under the laws of the State of Arkansas were waived.

14.    The Greene County Mortgage was assigned to CapitalSource pursuant to that Assignment of Mortgage or Deed of Trust dated March 18, 2010, and recorded with the Circuit Clerk and Ex-Officio Recorder for Greene County, Arkansas on June 21, 2010, as Document No. 201004513.

15.    Contemporaneously with the execution and delivery of the Note and to secure payment of the Note, Walcott executed, acknowledged and delivered to MainStreet that Mortgage dated December 21, 2005 (the "Lawrence County Mortgage") covering the property more particularly described in the Lawrence County Mortgage including the following described real property and improvements thereon lying in Lawrence County, Arkansas (the property covered by the Lawrence County Mortgage being hereinafter referred to as the "Lawrence County Property"):

**LOTS 2, 3, 4, 5, 6, 7, 8, 9 AND 10, BLOCK 1 BOAS THIRD ADDITION TO THE TOWN OF HOXIE, LAWRENCE COUNTY, ARKANSAS. SUBJECT TO AN ENCROACHMENT FROM LOT 3, BEGINNING 6.7 FEET SOUTH OF THE NORTHWEST CORNER OF LOT 4 AND RUNNING AT AN ANGLE TO THE NORTHEAST CORNER OF SAID LOT.**

The Lawrence County Mortgage was filed of record in the Office of the Circuit Clerk and Ex-Officio Recorder of Lawrence County, Arkansas on December 28, 2005, in Book 155, Pages 56-64. In the Lawrence County Mortgage, all rights of redemption and appraisement under the laws of the State of Arkansas were waived. The Clay County Mortgage, the Greene County Mortgage and the Lawrence County Mortgage are collectively referred to herein as the "Mortgages."

16.    The Lawrence County Mortgage was assigned to CapitalSource pursuant to that Assignment of Mortgage or Deed of Trust dated March 18, 2010, and recorded with the Circuit Clerk and Ex-Officio Recorder for Lawrence County, Arkansas on June 18, 2010, in Book 2010, Pages 5081-5084.

17.    To further secure payment of the loan evidenced by the Note, Walcott executed, acknowledged and delivered to MainStreet the following assignments of leases and rents:  (a) Absolute Assignment of Leases and Rents dated December 21, 2005, recorded with the Circuit Clerk and Ex-Officio Recorder for Clay County, Arkansas on December 27, 2005, in Misc. E Book 23, pages 1316-1325; (b) Absolute Assignment of Leases and Rents dated December 21, 2005, recorded with the Circuit Clerk and Ex-Officio Recorder for Greene County, Arkansas on December 29, 2005, as Document No. 200511791; and (c) Absolute Assignment of Leases and Rents dated December 21, 2005, recorded with the Circuit Clerk and Ex-Officio Recorder for Lawrence County, Arkansas on December 28, 2005, in Book 75, Pages 129-138.

18.    To further secure payment of the loan evidenced by the Note, Walcott executed and delivered to Main Street that Security Agreement dated December 21, 2005 (the "Security Agreement") covering the following personalty owned by Walcott:  "Goods, including Equipment, Fixtures, Furniture, and Accessions."  The personal property covered by the Clay County Mortgage, the Greene County Mortgage, the Lawrence County Mortgage and the Security Agreement is hereinafter referred to as the "Personalty."

19.    MainStreet's security interest in the Personalty was perfected by the filing of a UCC-1 Financing Statement with the Arkansas Secretary of State on December 28, 2005, under Filing Number 61279632915. The foregoing financing statement was continued by that online

filing with the Arkansas Secretary of State dated August 2, 2010, with a reference of filing number 40000017179039.

20.     To further secure payment of the loan evidenced by the Note, Jones executed that Unconditional Guarantee dated December 21, 2005 (the "Guarantee") pursuant to which Jones unconditionally guaranteed payment of the amounts due under the Note.

21.     Walcott defaulted in the payments due under the Note and CapitalSource has previously declared the amounts due under the loan evidenced by the Note wholly due and payable. Plaintiff's right to foreclose the Mortgages as well as exercise its rights under the instruments securing the Note has become absolute.

22.     As of June 21, 2011, there was due and owing under the Note, the principal sum of $1,169,404.13, interest in the amount of $76,267.58, late charges of $8,910.44, taxes paid by CapitalSource in the amount of $2,511.87, environmental inspection costs of $12,750.00, forced placed insurance charges of $2,927.26, appraisal costs of $9,600.00, site visit costs of $620.00, abstracting costs of $1,911.50, together with attorneys fees, pre-judgment interest at the rate of $184.22 per day from and after June 22, 2011, subsequent advances to protect the property covered by the mortgages and post-judgment interest as provided by law.

23.     Pursuant to the terms of the Guarantee, Defendant Jones is jointly and severally liable with Defendant Walcott for all amounts due in connection with the loan evidenced by the Note.

24.     The Note, the Mortgages, the Security Agreement, the Guarantee as well as Ark. Code Ann. § 16-22-308 obligate the Defendants for the payment of a reasonable attorneys' fee and costs in enforcing the obligations under the Note, the Mortgages, the Security Agreement and Guarantee.

7

25.     Separate Defendant Northchase may claim an interest in the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty by virtue of, among other things, the following:  (1) Quitclaim Deed dated September 15, 2008, from Walcott Enterprises to Northchase Development recorded in the real estate records of Greene County, Arkansas on September 19, 2008, as Document No. 200808689, recorded in the real estate records of Clay County, Arkansas on September 18, 2008, in Deed E Book 166, Pages 1149-1151 and recorded in the real estate records of Lawrence County, Arkansas on September 19, 2008, in Book 157, Pages 4-6; (2) Mortgage dated December 21, 2005, filed for record on January 4, 2006, and recorded in Book 155, Pages 166-170 of the records of Lawrence County, Arkansas; and (3) Mortgage dated December 21, 2005, filed for record on January 13, 2006, and recorded as Document No. 200600419 of the records of Greene County, Arkansas.  Any interest of said Separate Defendant in and to the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty is subordinate and inferior to Plaintiff's interest in said property.

26.     Separate Defendant Leathers may claim an interest in the Greene County Property, the Clay County Property, the Lawrence County Property and the Personalty by virtue of, among other things, that Certificate of Indebtedness filed for record on April 30, 2008, as Instrument No. 200803770 of the records of Greene County, Arkansas.  Any interest of said Separate Defendant in and to the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty is subordinate and inferior to Plaintiff's interest in said property.

27.     Separate Defendants Magness may claim an interest in the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty by virtue

of, among other things, the following: (1) Mortgage dated January 12, 2008, and recorded on January 28, 2008, in Mortgage Book 202, page 376 of the records of Clay County, Arkansas; (2) Mortgage dated January 22, 2008, and recorded on January 29, 2008, in Mortgage Book 172, page 834 of the records of Lawrence County, Arkansas; (3) Mortgage dated January 27, 2008, and recorded on January 28, 2008, as Instrument No. 200800708 of the records of Greene County, Arkansas; (4) Lis Pendens in Clay County Circuit Court No. CV-2009-118 recorded on December 28, 2009, in Lis Pendens Book-E 7, page 18 of the records of Clay County, Arkansas; and (5) Lis Pendens in Lawrence County Circuit Court No. CV-2010-12 recorded on January 25, 2010, in Book-Page C-0732 of the records of Lawrence County, Arkansas. Any interest of said Separate Defendant in and to the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty is subordinate and inferior to Plaintiff's interest in said property.

28.     Separate Defendants DMC, Cook and McClure may claim an interest in the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty by virtue of, among other things, that lease between Walcott Enterprises, Inc. dba Kelly's Kwick Marts Kelly Jones, Lessor, to DMC&JRM LLC, David Cook and Jackie McClure dated June 27, 2008, and memorandum recorded November 7, 2008, in Miscellaneous Record 26, Page 1261 of the records of Clay County, Arkansas and as Document No. 200810016 of the records of Greene County, Arkansas. Any interest of Separate Defendants DMC, Cook and McClure in and to the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty are subordinate and inferior to Plaintiff's interest in the Property.

29.     Separate Defendant PepsiAmericas may claim an interest in the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty by virtue

of, among other things, that Consent Judgment in Greene County Circuit Case No. CV-2008-126, recorded in the records of Greene County, Arkansas.  Any interest of Separate Defendant Pepsi in and to the Greene County Property, the Clay County Property, the Lawrence County Property or the Personalty is subordinate and inferior to Plaintiff's interest in the Property.

30.     Plaintiff has a lien upon the Greene County Property, the Clay County Property, the Lawrence County Property and the Personalty which is first, paramount and prior to the right, title, claim, lien and interest of all others.

31.     As a result of the above described default, Plaintiff is entitled to recover judgment against the Defendants Walcott and Jones, jointly and severally, as well as against the Property and the Personalty for all amounts due under the Note, the Mortgages, the Guarantee, and the Security Agreement and to foreclose its interests in the Property and the Personalty. Plaintiff's right to foreclose has become absolute.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

A.     CapitalSource shall have and recover judgment against Defendants Walcott and Jones, jointly and severally, and *in rem* against the Property and the Personalty, in the amount of $1,284,902.78 together with pre-judgment interest in the amount of $184.22 per day from June 22, 2011 until the date of judgment herein and post-judgment interest as provided below.

B.     CapitalSource shall additionally have and recover judgment against Defendants Walcott and Jones, jointly and severally, and *in rem* against the Property and the Personalty for all costs of this action, reasonable attorney's fees in the amount of $15,000.00 and any sums expended pursuant to the Note, the Mortgages and the Security Agreement prior to the sale of the Property and Personalty provided for herein.

C.   All amounts awarded pursuant to this Judgment shall bear interest from and after the date of entry of this Judgment at the judgment rate of .16% per annum.

D.   That the judgments described in paragraphs (A) and (B) above and the Mortgages, Security Agreement constitute the first and prior liens upon the Property and the Personalty and are superior to all other interests held or claimed in and to the Property and the Personalty including without limitation, any and all interests claimed by the Defendants and Separate Defendants, all rights or possibilities of dower or homestead, appraisement, any rights of redemption and the rights of any and all persons claiming under the foregoing.

E.   In the event the foregoing sums are not paid within ten (10) days from the date of this Judgment, the Circuit Clerk of Greene County, Arkansas, who is hereby appointed Commissioner, shall sell the Property and the Personalty at the door of the Greene County Courthouse in Paragould, Arkansas, at public auction, to the highest bidder, the date and hour of such sale to be fixed by said Commissioner.  The Property and the Personalty shall be sold together.  Upon such sale all rights, titles, interests, estates and equity or possibilities of dower, redemption, curtesy, homestead or appraisement of the Defendants and Separate Defendants in the Property and the Personalty, or any one claiming by, through or under them shall be foreclosed and forever barred.

F.   The Commissioner will give notice of such sale once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Greene County, Lawrence County and Clay County, Arkansas, where the Property and the Personalty are situated.

G.   The Property and the Personalty shall be sold on a credit of thirty (30) days.  The purchaser on the date of sale shall be required to pay the full purchase price or pay ten (10)

percent of the purchase price which is non-refundable and execute a bond, with a commercial corporate surety, bearing interest from the date of sale in the amount of the remainder of the purchase price until paid at the rate of five and three-quarters percent (5.75%) per annum, the payment of said purchase price to be secured by a lien upon the purchased property; provided, however, that if the Plaintiff becomes the purchaser at the sale for an amount not in excess of its judgment, interest and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the Commissioner's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Property and the Personalty to the extent of such credit; and provided further that if its bid shall exceed the amount of the Judgment, interest and costs, it should be required to give bond only for the overplus. Any such overplus from the sale of the Property and the Personalty, over and above the Plaintiff's Judgment, interest, and costs shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or a portion of the overplus shall petition the Court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said surplus. Should any successful bidder fail to perform under the instructions of the Commissioner at time of sale, then that bid shall be void and set aside. The Commissioner thereafter shall find that the Property and the Personalty be awarded to the next successive higher bidder, until performance is rendered.

H.     Such sale of the Property and the Personalty shall constitute a permanent bar to and shall foreclose all rights of redemption, dower, curtesy, homestead and appraisement and all other right, title, claim and interest in the Property which Defendants and Separate Defendants, as well as their heirs, personal representatives, successors or assigns or anyone claiming by, through or under the foregoing, may claim with respect to the Property and the Personalty.

12

I.    The Commissioner will report to the Court all actions taken hereunder.

J.    In the event the Judgment herein awarded is not paid as directed and the Property and the Personalty are sold by the Commissioner at a foreclosure sale, then upon application to the Clerk of this Court by the successful foreclosure sale purchaser, or the purchaser's attorney, showing that the possession of the purchased property has been withheld from such purchaser, the Clerk will issue and deliver forthwith to the Sheriff of whichever county where the property in question is located, a Writ of Assistance to enforce delivery of possession of the purchased property to the purchaser.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
DATE: Sept 15, 2011

13

**AGREED:**:

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201
(501) 370-3404

By: _____
    Harry A. Light, #89222

*Attorneys for CapitalSource Bank*

QUATTLEBAUM, GROOMS, TULL
& BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700


By: _____
    Geoffrey B. Treece, #84146

*Attorneys for Northchase Development, Inc.*

SNELLGROVE, LANGLEY,
CULPEPPER, WILLIAMS & MULLALLY
P. O. Box 1346
Jonesboro, Arkansas 72403
(870) 932-8357


By: _____
    Matt Modelevsky, #2004106

*Attorneys for DMC & JRM, LLC, David
Cook and Jackie McClure*

OFFICE OF REVENUE LEGAL
COUNSEL
P. O. Box 1272
Little Rock, Arkansas 72203
(501) 682-7030

By: *Michael Wehrle*
    Michael J. Wehrle, #92036

*DFA takes no
position on the
attorney's fees
awarded herein*

*mgw*

*Attorneys for Department of Finance &
Administration*


JOHNSON, SANDERS & MORGAN
P. O. Box 2308
Mountain Home, Arkansas 72654
(870) 425-2126


By: _____
    Roger L. Morgan, #85113

*Attorneys for Benny Magness and
Janie Magness*

14

**AGREED::**

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201
(501) 370-3304

By:_____
   Harry A. Light, #89222

*Attorneys for CapitalSource Bank*

QUATTLEBAUM, GROOMS, TULL
& BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700

By:_____
   Geoffrey B. Treece, #84146

*Attorneys for Northchase Development, Inc.*

SNELLGROVE, LANGLEY,
CULPEPPER, WILLIAMS & MULLALLY
P. O. Box 1346
Jonesboro, Arkansas 72403
(870) 932-8357

By:_____
   Matt Modelevsky, #2004106

*Attorneys for DMC & JRM, LLC, David
Cook and Jackie McClure*

OFFICE   OF   REVENUE   LEGAL
COUNSEL
P. O. Box 1272
Little Rock, Arkansas 72203
(501) 682-7030

By:_____
   Michael J. Wehrle, #92036

*Attorneys for Department of Finance &
Administration*

JOHNSON, SANDERS & MORGAN
P. O. Box 2308
Mountain Home, Arkansas 72654
(870) 425-2126

By:_____
   Roger L. Morgan, #85113

*Attorneys for Benny Magness and
Janie Magness*

14

**AGREED::**

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201
(501) 370-3304

By:_____
   Harry A. Light, #89222

*Attorneys for CapitalSource Bank*

QUATTLEBAUM, GROOMS, TULL
& BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700

By:_____
   Geoffrey B. Treece, #84146

*Attorneys for Northchase Development, Inc.*

SNELLGROVE, LANGLEY,
CULPEPPER, WILLIAMS & MULLALLY
P. O. Box 1346
Jonesboro, Arkansas 72403
(870) 932-8357

By:_____
   Matt Modelevsky, #2004106

*Attorneys for DMC & JRM, LLC, David
Cook and Jackie McClure*

OFFICE OF REVENUE LEGAL
COUNSEL
P. O. Box 1272
Little Rock, Arkansas 72203
(501) 682-7030

By:_____
   Michael J. Wehrle, #92036

*Attorneys for Department of Finance &
Administration*

JOHNSON, SANDERS & MORGAN
P. O. Box 2308
Mountain Home, Arkansas 72654
(870) 425-2126

By:_____
   Roger L. Morgan, #85113

*Attorneys for Benny Magness and
Janie Magness*

14

**AGREED::**

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR  72201
(501) 370-3304

By:_____
    Harry A. Light, #89222

*Attorneys for CapitalSource Bank*

QUATTLEBAUM, GROOMS, TULL
& BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700

By:_____
    Geoffrey B. Treece, #84146

*Attorneys for Northchase Development, Inc.*

SNELLGROVE, LANGLEY,
CULPEPPER, WILLIAMS & MULLALLY
P. O. Box 1346
Jonesboro, Arkansas 72403
(870) 932-8357

By: *Matt Modelevsky*
    Matt Modelevsky, #2004100

*Attorneys for DMC & JRM, LLC, David
Cook and Jackie McClure*

OFFICE    OF    REVENUE    LEGAL
COUNSEL
P. O. Box 1272
Little Rock, Arkansas 72203
(501) 682-7030

By:_____
    Michael J. Wehrle, #92036

*Attorneys for Department of Finance &
Administration*

JOHNSON, SANDERS & MORGAN
P. O. Box 2308
Mountain Home, Arkansas 72654
(870) 425-2126

By:_____
    Roger L. Morgan, #85113

*Attorneys for Benny Magness and
Janie Magness*

14